(5)
RP
5-1-0

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Sydney Bradshaw

vs.

Patricia L. Sauers, M.P.

: 1:01cv755
:
:         FILED
:       SCRANTON
:
         MAY 01 2001

         PER _____KW_____
              DEPUTY CLERK

STANDING PRACTICE ORDER

NOW, IT IS HEREBY ORDERED THAT upon the filing of any pro se civil complaint with this court, the Clerk of Court shall serve a copy of this Order on Plaintiff. Furthermore, if the U.S. Marshal is directed to effect service of the complaint, a copy of the Order shall be served along with the summons and the complaint.

Background

This order is intended to fully inform the parties to this action of their briefing and other responsibilities pursuant to Local Rules of Court 7.1 through 7.8 and 7.10, Local Rules 26.4 and 56.1, and Federal Rule of Civil Procedure 56.

Local Rule 7.1 provides that all pre-trial motions must be written, be accompanied by a proposed order, and include a certificate indicating whether the opposing party concurs with the motion. However, no concurrence need be sought in pro se prisoner cases. No more than one motion shall be filed under one cover. A moving party is required by Local Rule 7.2 to serve copies of his or her respective papers upon the opposing party.

If allegations of facts are relied upon in support of a motion, Local Rule 7.3 mandates that the relevant documents must be filed with the court within ten (10) days after the motion is filed. Local Rules 7.4 and 56.1 direct a party filing a motion for summary judgment to file an accompanying short and concise statement of material facts. Local Rules 7.4 and 56.1, paragraph 2 direct a party opposing a summary judgment motion to file a separate concise statement of material facts responding to the movant's statement.

Local Rule 7.5 requires that any party who files a motion shall be required to file a brief in support of that motion within ten (10) days of the filing of the motion. In the event such a moving party does not file a brief in support of his or her motion within the ten (10) day time frame, Local Rule 7.5 provides that such a party shall be deemed to have withdrawn the motion. In the event the moving party does file a timely brief in support of his or her motion, Local Rule 7.6 provides that the party against whom the motion and brief thereon is filed must file a brief in opposition to the moving party's motion, together with any opposing affidavits, deposition transcripts, or other documents, within fifteen (15) days of the filing of the brief thereon. If he or she does not file his or her brief and other documentation within the same time frame, Local Rule 7.6 provides that he or she shall be deemed not to oppose the moving party's motion and the motion may therefore be granted. Local Rule of Court 7.7 allows the moving party to file a reply brief to the responding party's opposing brief within ten (10) days of the

2

filing of the opposing brief. However, a reply brief is not mandatory and the failure to file one will not result in detrimental action. Local Rule 7.8 explains what the "Contents and Length of Pre-trial Briefs" should be. As stipulated in Local Rule 7.10, any motion for reconsideration or reargument shall be filed within ten (10) days after the entry of the judgment order or decree concerned.

If no discovery has been initiated in a prisoner case, the parties are directed to file appropriate motions within sixty (60) days after the closing of the pleadings as defined in Fed.R.Civ.P. 7(a). If discovery has been initiated by either party prior to that date, the time for filing said motions shall be postponed until thirty (30) days after discovery is closed in conformity with Local Rule 26.4.

Federal Rule of Civil Procedure 56(e) provides that a party who files a motion for summary judgment may file affidavits or other documentation in support of such a motion. Federal Rule of Civil Procedure 56(e) also provides that a party may not rely on the allegations set forth in his or her pleadings, such as a complaint, in the face of affidavits or other documentation filed pursuant to Rule 56 which contradict and undermine the facts set forth in such pleadings. Rather, Rule 56 provides that the party opposing a motion for summary judgment should in the face of affidavits or other supporting documentation contradicting or undermining his or her claim, file his or her own affidavits or other substantiating documentation so as to demonstrate that a genuine issue for trial exists and that summary judgment should

3

not be granted. Pursuant to Local Rules 7.6 and 7.8 such contravening affidavits or documentation must be filed within fifteen (15) days of the brief, affidavits and other documentation filed by the moving party in support of his or her motion for summary judgment. If such contravening affidavits or supporting documentation are not filed within this time frame, the motion for summary judgment shall be considered solely upon the affidavits or other supporting documentation filed by the party who filed the motion for summary judgment, and in light of the absence of contravening affidavits or other supporting documentation, summary judgment may be granted.

A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her address. Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.

Attached to this order are copies of Local Rules 7.1 through 7.8 and 7.10, Local Rules 26.4 and 56.1, and a copy of the relevant parts of the Federal Rule of Civil Procedure 56.

Accordingly, IT IS HEREBY ORDERED THAT:

All parties shall follow the requirements of these rules or suffer the consequences of their failure to do such,

including possible dismissal of their action. Unless otherwise ordered by the court, there will be no hearing.

_____
THOMAS I. VANASKIE, Chief Judge
Middle District of Pennsylvania

_____
WILLIAM J. NEALON
United States District Judge

_____
SYLVIA H. RAMBO
United States District Judge

_____
MALCOLM MUIR
United States District Judge

_____
JAMES F. McCLURE, JR.
United States District Judge

_____
RICHARD P. CONABOY
United States District Judge

_____
A. RICHARD CAPUTO
United States District Judge

_____
WILLIAM W. CALDWELL
United States District Judge

_____
JAMES M. MUNLEY
United States District Judge

_____
EDWIN M. KOSIK
United States District Judge

_____
YVETTE KANE
United States District Judge

DATED:    May 19, 2000