ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SYDNEY BRADSHAW            :
                           :
                           :
vs.                        :     No. 1:CV-01-0755
                           :     Judge Caldwell
PATRICIA L. SAUERS, M.D.   :
YORK COUNTY PRISON, and    :
EMA                        :

FILED
HARRISBURG
AUG 20 2001
MARY E. D'ANDREA, CLERK
Per____
DEPUTY CLERK

## MOTION FOR AN EXTENSION OF TIME
## WITHIN WHICH TO PLEAD

Defendants Patricia L. Sauers, M.D. and EMSA Correctional Care, Inc. (incorrectly identified as "EMA") (hereinafter "Moving Defendants"), by and through their counsel, White and Williams LLP, hereby requests that this court grant an extension of time within which to plead in accordance with the order attached hereto, and in support of their motion, Moving Defendants state as follows:

1. Plaintiff filed this Complaint against Patricia L. Sauers, M.D., York County Prison and "EMA" (presumably EMSA Correctional Care, Inc.), the contracted medical provider in the prison on or about April 30, 2001 (see copy of complaint attached hereto as Exhibit "A.")

2. Plaintiff's Complaint states civil rights claims against the defendants claiming that plaintiff received inadequate medical care in that he did not receive his pain medication during an incarceration at the York County Prison, beginning on or about August 29, 2000 to July 27, 2001.[1]

---

[1] Plaintiff was transferred to Montgomery County Correctional Facility on June 27, 2001.

3.  Plaintiff further alleges he was not given pain medication due to his status as an I.N.S. detainee. (See Exhibiti "A").

4.  The undersigned has entered her appearance to represent Moving Defendants for purposes of defending plaintiff's claims that he received inadequate medical care. Rule 6(b) of the Federal Rules of Civil Procedure authorizes the court in its discretion to extend the time for responding to a complaint.

5.  On or about July 31, 2001, Moving Defendants were served at the prison.

6.  On or about August 6, 2001, the case was assigned to the undersigned for defense.

7.  The extension of time will permit Moving Defendants to obtain a copy of plaintiff's medical records and prison jacket and will result in a more comprehensive response to plaintiff's complaint which will further aid this court in scheduling discovery.[2]

8.  No prejudice will result from allowing Moving Defendants additional time to respond to plaintiff's complaint.

WHEREFORE, Moving Defendants, Patricia L. Sauers, M.D. and EMSA Correctional Care, Inc. (incorrectly identified as "EMA"), respectfully request that this Honorable Court enter an

---

[2] Since Plaintiff filed his Complaint, he has been transferred from York County Prison to Montgomery County Correctional Facility, Moving Defendants' need an extension of time to ensure that they get a complete copy of Plaintiff's entire medical file and prison jacket.

Order in the form attached hereto extending the time to answer, move, or otherwise respond to the Complaint to sixty (60) days from the date of the Court's Order.

WHITE AND WILLIAMS LLP

By: *A. Tracey Campbell*
Charles T. Roessing, Esquire
Identification No. 23980
A. Tracey Campbell, Esquire
Identification No. 70534
1500 Lancaster Avenue
Paoli, PA 19301-1500
(610) 251-0466

Date: August 17, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYDNEY BRADSHAW | : |
| | : |
| vs. | : No. 1:CV-01-0755 |
| | : Judge Caldwell |
| PATRICIA L. SAUERS, M.D. | : |
| YORK COUNTY PRISON, and | : |
| EMA | : |

## MEMORANDUM OF LAW

This Honorable Court has discretionary powers under Rule 6(b) to grant extensions of time to answer or move with respect to a Complaint. Orange Theatre Corp. v. Ray Herstz Amusement Corp., 139 F.2d 871, 872 (3d Cir. 1944), cert. denied, 322 U.S. 740 (1945); Caraballo v. Lykes Brothers Steamship Co., 212 F. Supp. 216, 221 (E.D. Pa. 1962). "In accordance with the mandate of Rule 1, that the Rules should be construed 'to secure the just, speedy, and inexpensive determination of every action', the Courts generally have given Rule 6(b) a liberal interpretation in order to work substantial justice." Hoffman v. Kennedy, 30 F.R.D. 50, 52 (E.D. Pa. 1962) (quoting 2 Moore's Federal Practice, 6.08 at 1483).

This Honorable Court is asked to exercise that discretion and enter an Order permitting defendants to respond to the Complaint within sixty (60) days from the date the Order is entered.

WHITE AND WILLIAMS LLP

By: *A. Tracey Campbell*
Charles T. Roessing, Esquire
Identification No. 23980
A. Tracey Campbell, Esquire
Identification No. 70534
1500 Lancaster Avenue
Paoli, PA 19301-1500
(610) 251-0466

Dated: August 17, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SYDNEY BRADSHAW :
:
:
vs. : No. 1:CV-01-0755
: Judge Caldwell
PATRICIA L. SAUERS, M.D. :
YORK COUNTY PRISON, and :
EMA

## CERTIFICATE OF SERVICE

I, A. Tracey Campbell, Esquire, attorney for Defendants, Patricia L. Sauers, M.D. and EMSA Correctional Care, Inc. (incorrectly identified as "EMA"), hereby certify that I caused a true and correct copy of the within Motion to be served on the following parties, mailed first-class, postage prepaid, this 17th day of August, 2001.

Sydney Bradshaw (#01-4133)
**Montgomery County Correctional Facility**
60 Eagleville Road
Norristown, PA 19403

WHITE AND WILLIAMS LLP

By: _____
Charles T. Roessing, Esquire
Identification No. 23980
A. Tracey Campbell, Esquire
Identification No. 70534
1500 Lancaster Avenue
Paoli, PA 19301-1500
(610) 251-0466

# Exhibit 1

08/01/01 WED 09:43 FAX 615 376 1352   ASG/PHS LEGAL DEPT   ☒006

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

_____ MIDDLE _____ DISTRICT OF _____ PENNSYLVANIA _____

SYDNEY BRADSHAW,
  Plaintiff

## SUMMONS IN A CIVIL CASE

V.

CASE NUMBER: 1:CV-01-0755

PATRICIA L. SAUERS, M.D.,
YORK COUNTY PRISON, and
PHA

Judge Caldwell

TO: (Name and address of defendant)

  (SEE COMPLT.)

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Sydney Bradshaw
CIY-York
York County Prison
3401 Concord Road
York, Pa. 17402

an answer to the complaint which is herewith served upon you, within ___(20) Twenty___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Mary E. D'Andrea, Clerk         July 17, 2001
CLERK                           DATE

_/s/ George T. Gardner_
(BY) DEPUTY CLERK  George T. Gardner

08/01/01  WED 09:44 FAX 815 376 1352         ASG/PHS LEGAL DEPT                                    ☒007

## NOTICE OF JUDICIAL ASSIGNMENT

This case has been assigned to the Judicial Officer indicated below. Counsel and all parties are advised that there is an Office of the Clerk in the Federal Courthouses in Scranton, Harrisburg and Williamsport, Pennsylvania. Please file all pleadings directly with the Clerk's Office in which the Judicial Officer is stationed. Do not file any courtesy copies with the court.

In accordance with the local rules, counsel will file the original and two copies of all pleadings, motions, memoranda and other documents except discovery material, with the Clerk's Office. Counsel should file any additional copies with the Clerk's Office as may be required by the Local Rules, an Order of Court, or as required by the assigned Judicial Officer listed below.

| JUDICIAL ASSIGNMENT | CLERK'S OFFICE ADDRESS |
|---|---|
| ____ Judge Thomas I. Vanaskie | William J. Nealon Federal Building & |
| ____ Judge A. Richard Caputo | U.S. District Courthouse |
|  | 235 N. Washington Avenue |
|  | P.O. Box 1148 |
| ____ Judge James M. Munley | Scranton, Pennsylvania 18501 |
|  | (570) 207-5600 |
| ____ Judge William J. Nealon |  |
| ____ Judge Richard P. Conaboy |  |
| ____ Judge Edwin M. Kosik |  |
| ____ Judge Sylvia H. Rambo | U.S. District Courthouse |
|  | 228 Walnut Street |
| ____ Judge Yvette Kane | P.O. Box 983 |
|  | Harrisburg, Pennsylvania 17108 |
| _X_ Judge William W. Caldwell | (717) 221-3920 |
| ____ Judge James F. McClure | U.S. District Courthouse |
|  | 240 W. Third Street |
| ____ Judge Malcolm Muir | P.O. Box 608 |
|  | Williamsport, Pennsylvania 17701 |
|  | (570) 323-6380 |

NOTE: This case has been referred to the U.S. Magistrate Judge noted below. Please file all documents at the location indicated.

| | |
|---|---|
| ____ Magistrate Judge J. Andrew Smyser | Harrisburg Address |
| ____ Magistrate Judge Mal Mannion | Scranton Address |
| ____ Magistrate Judge Thomas M. Blewitt | Scranton Address |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SYDNEY BRADSHAW, :
: 
    Plaintiff :
: CIVIL NO. 1:CV-01-0755
vs. :
: (Judge Caldwell)
PATRICIA L. SAUERS, M.D., :
et al., :
: **FILED**
    Defendants : **HARRISBURG, PA**

**JUL 1 7 2001**

O R D E R       MARY E. D'ANDREA, CLERK
            PER _____
                   DEPUTY CLERK

AND NOW, this 17th day of July, 2001, it is ordered that:

1. Plaintiff's motion to proceed in forma pauperis is construed as a motion to proceed without full prepayment of fees and costs and the motion is granted.[1]

2. The United States Marshal is directed to serve plaintiff's complaint (doc. 1) on the defendants named therein.

                            /s/ William W. Caldwell
                            WILLIAM W. CALDWELL
                            United States District Judge

---

[1] Bradshaw completed this court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The court then issued an Administrative Order directing the warden of the York County Prison to commence deducting the full filing fee from plaintiff's prison trust fund account.

1: CV01-0755

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DOCKET NO. _____    FILED
                      SCRANTON

SYDNEY BRADSHAW

V                                           APR 3 0 2001

DOCTOR PATRICIA L. SAUERS et.al;    JURY TRIAL DEMANDED    PER _____ DEPUTY CLERK

### PRELIMINARY STATEMENT

THIS IS A CIVIL RIGHT ACTION FILED BY SYDNEY BRADSHAW, A FEDERAL PRISONER, FOR DAMAGES AND INJUNCTIVE RELIEF UNDR 42. U.S.C. 1983, ALLEGING DENIAL OF PROPER MEDICAL CARE IN VIOLATION OF PLAINTIFF'S EIGHT AMENDMENT RIGHT. THE PLAINTIFF ALLEGES IN THIS TORT THAT THE DEFEDANTS EIGHT AMENDMENT RIGHT WAS CALLOUSLY AND DELIBERATELY ABSHED WITH GROSS INDIFFERENCES TOWARDS THE PLAINTIFF'S PAIN AND SUFFERING AND FAILED TO ADMINISTER MEDICATION THAT WAS PREVIOUSLY PRESCRIBED TO PLAINTIFF FOR A PREVIOUSLY DIAGONSED BACK AILMENT, WHILE AT THE SAME TIME GAVE SAID MEDICATION TO OTHER INMATES WHOM WERE U.S. CITIZENS WHO WERE ALSO INMATES AT Y.C.P. PLAINTIFF WAS TOLD THAT SUCH MEDICAT-IONS WERE NOT ALLOWED AT YORK COUNTY PRISON AND I WOULD JUST HAVE TO GRIN AND BARE WITH MY PAIN AND SUFFERING AND THE MEDICATION THAT SHE GAVE ME (NAPYSON) A HIGH FORM OF ASPRIN.

### JURISDICTION

1. THE COURT HAS JURISDICTION OVER PLAINTIFF'S CLAIMS OF VIOLATIONS OF FEDERAL LAWS & CONSTITUTIONAL RIGHTS UNDER 42. U.S.C. 1331 (A) & 1343.

5 copies

2. THE COURT HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW TORT CLAIMS AND 28. U.S.C. 1367 & 1350

**PARTIES**

THE PLAINTIFF'S (SYDNEY BRADSHAW) INCARCERATED AT YORK COUNTY PRISON FROM AUGUST 28, 2000 TO _____. IN YORK PA.

3. THE DEFENDANTS, DOCTOR PATRICIA L. SAUERS. ET. AL; EMSA CORRECTIONAL CARE, Y.C.P. ADMINISTRATION.

**FACTS**

ON AUGUST 24, 200 PLAINTIFF WAS TRANSFERRED FROM MAINE C/C.J. TO Y.C. AT WHICH TIME PLAINTIFF'S MEDICAL HISTORY AND CARE WAS ALSO TURNED OVER TO THE MEDICAL DEPARTMENT AT YORK COUNTY PRISON.

5. PLAINTIFF WAS PRESCRIBED DARVOCET AND SOMA TO EASY PLAINTIFF'S BACK PAINS.

6. PLAINTIFF WAS TOLD THAT HE COULD NOT GET HIS PREVIOUSLY PRESCRIBE DARVOCET FOR IT WAS NOT AVAIBLE AT THE JAIL (SOMA ALSO NOT GGIVEN AT THE PRISON) (LIES)!!! NEITHER WAS VICODIN WHICH PLAINTIFF WAS ALSO TREATED WITH AT CUMBERLAND COUNTY JAIL IN PORTLAND MAINE, WAS ALSO NOT PRESCRIBED AT Y.C.P. (ANOTHR LIE!!!)

7. PLINTIFF WAS Q MALE DOCTOR ONCE AT THE PRISON AND WAS GIVEN SOMA FOR A SHORT TIME TO RELIEVE HIS BACK ACHE 7 PAIN.

8. PLAINTIFF AT SOME POINT BEGAN TO SEE DR. SAUER WHO STATED THAT HE WILL NO LONGER BE GIVEN SOMA OR ANY OF THE OTHER TWO FOREMENTIONED PAIN KILLER WHILE AT Y.C.P. FOR THE WERE NOT AVAILABLE TO PLAINTIFF AT Y.C.P.

9. PLAINTIFF LATER MET MR. JASON MALLOW (R.R.BOX 2139 BRODDCOKS PA. 17329 & MR HENRY PADGETT S.C.I. EA -7913 - BOTH GENTLEMEN WERE U.S.

(2)

CITIZENS AND BOTH RECEIVED THEIR DAILY DOSAGE OF DARVOCET.

I THEREFORE CONCLUDED THAT BECAUSE I WAS AN ALIEN INMATE I MUST THERFORE GET SUBSTANDARD MEDICAL CARE.

10. DESPITE MY FILING NUMEROUS SICK CALL SLIPS, COMPLAINING ABOUT THE SEVERITY OF MY PAIN - MY PLEAS FELL ON DEAF EARS IN THE MEDICAL DEPARTMENT AT Y.C.P. ( I DID GO TO HAVE AN X-RAY BUT NOTHING CHANGED AS FAR AS MY MEDICATIONS)I STILL ONLY RECEIVED NAPYSON TWICE A DAY.

RELIEF REQUESTED:

WHEREFORE, PLAINTIFF REQUEST THIS MOST HONORABLE COURT GRANT THE FOLLOWING RELIEF:

A.  ISSUE A DECLATORY JUDGEMENT STATING THAT:

1. THE PHYSCIAL AND MENTAL ABUSE (NOT ADMINISTERING PROPER MEDICAL CARE DENYING PLAINTIFF HIS DARVOCET PAIN MEDICATION TO RELIEVE HIS NEEDLESS AND UNECESSARY SUFFERING). CONSTITUTES A VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE EIGHT AMENDMENT AND FOURTEENTH AMENDMENTS FURTHER CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT.

2. TO IMMEDIATELY ADMINISTER THE PREVIOUSLY PRESCRIBED MEDICATIONS TO RELIEVE PLAINTIFF'S PAIN AND SUFFERING FORTHWITH.!!!!!!!!!!!

B.  AWARD COMPENSATORY DAMAGES IN TH EFOLLOWING AMOUNTS:

1. $400.000.00 SEVERALLY AND SEPERATELY AGANIST EACH DEFENDANT - FOR THE NEEDLESS PHYSICAL AND MENTAL PAIN SUFFERING BROUGHT TO BEAR UPON THE PLAINTIFF WHILE A FEDERAL PRISONER AT Y.C.P. BY NOT GIVING THE PLAINTIFF HIS PRE-PRRESCRIBED PAIN MEDICATION FOR HIS MALADY(BACK PAIN)

C.  AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNT:

1. ONE ONE MILLION DOLLARS AGANIST EACH DEFENDANT AS PUNISHMENT FOR THEIR CALLOUS INDIFFERENCE FOR PLAINTIFF'S PHYSICAL AND MENTAL PAIN & SUFFERING AND TO CURB AND DETER SUCH BEHAVIOR BY THE DEFENDANTS IN THE

(3)

08/01/01 WED 09:46 FAX 615 376 1352        ASG/PHS LEGAL DEPT                    ☒01

FCP no. 05509
CI- No. EA-7913

## AFFIDAVIT

I, Mr. Henry Padgett, under oath state the following:

1. While I was housed at York County Prison on Nov 2000 to _____, 2001, I received Darvoset (pain medication). I further state that I'll testify to the latter statement in open court, if I am called on (subpoena or otherwise).

2. My mailing address is:

   Commonwealth of Pennsylvania
   Dept. of Corrections
   State Correctional Institution
   at Albion, Albion, Penna.

3. I also state that the foregoing is made of my own free will.

Pursuant to 28. U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.   x Henry Padgett

PAGE 1

## CITATIONS IN SUPPORT OF PLAINTIFF'S COMPLAINT AGANIST THE DEFENDANTS.

Now Comes Sydney Bradshaw, Pro-Se; and hereby cites the following in support of his complaint.

Toussaint v Rushen, 553 F Supp 1365 (ND cal 1983), in part, 722 F2d 1490 (9th Cir 1984) that medical assistants can access to doctor is part of violation); Fambro v Fulton county, 713, F Supp 1462, 1429 (ND GA 1989) delays-up to 20 days for examination is part of violoation); U.S. Department of Fed Standards for prison and jails g 545 (1980); ABA, Standard for criminal justice g 23.5-3 (1986) standard 3 - 4348 (1990); National common correctional Health care, Standard for health services in jail J-33 (1987) Tillery v Owens, 719 F Supp 1256, 1306-07 (WDPa 189). ESTELLE v GAMBLE, 429 U.S, 97, 104 (1976); Hoptowit v Ray, 682 F2d 1237, 1252 (9thCir 1982) Feliciano v Barcelo, 497 F Supp. 14 38 DPr 1979 (must receive "medications prescriptions and diets as they have been perscribed). White v Napoleon, 897 F2d 103, 111 (3d Cir 1990). Prison doctors disregard orders from outside doctors without explanatopm), Feliciano v Barce;p 497 F Supp 14, 32 (DPr1979) must receove "medication prescriptions and diets, as they have been prescribed medication "For the purpose of causing him unnecessary pain" State cause of Action) See also U.S Dept of justice, federal standards for prisons and jails gg 5.34,5.46 (1980) ESTELLE vGAMBLE, 429 U.S. 97, 104 - 05 (1976). Waldrop v Evans, 681 F Supp 840 854 (MD Ga 1988) doctor); Pace v Solem, 858 F2d 385, 388 (8th Cir 1988. Mental health Ramos v Lamm, 699 F2d 559, 574 (10thCir 1980); Hoptowit v Ray, 682,F2d 1237 1253 (9th Cir 1982);

10 copies

RECEIVED
SCRANTON
APR 0 9 2001

# CERTIFICATE OF SERVICE

per RVW
DEPUTY CLERK

I HEREBY CERTIFY THAT ON 04/01/01, I (SB), CAUSED SERVICE TO TAKE - PLACE UPON THE DEFENDANT(S) BY PLACING A TRUE COPY OF THE ENCLOSED MOTION, IN THE MAILING METHOD USED AT Y.C.P. FOR IN MATES OUTGOING MAIL TO THE DEFEDANTS ATTORNEY PLACE OF BUSINESS AT the County Commissioners of York County one west Market, 4th Fl York PA. 17401

DATED: 04/01/01

RESPECTFULLY
Sydney Bradshaw
SYDNEY BRADSHAW
YORK COUNTY PRISON
3400 CONCORD ROAD
YORK, PA. 17404