Copy/22



FILED

JAN 25 2002

PER_____

HARRISBURG, PA  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
*******************************************
SYDNEY BRADSHAW                         *
          PLAINTIFF                     *
                                        *
      V.                                *
                                        *
PATRICA L. SAUERS, et. al.,             *
*******************************************  *

No. CV-01-755
JUDGE CALDWELL

### MOTION FOR AN ENLARGEMENT OF TIME

Now comes plaintiff and request and request an enlargement of time to respond to the defendants motion to dismiss and states the following:

1.  Plaintiff received the enclosed order from the Middle District on 01/14/2002, and is currently in the middle of responding to the defendant's motion to dismiss.

2.  The plaintiff request an additional 10 days to properly and fully reply to the defendant's motion to dismiss.

Wherefore, based upon the foregoing, plaintiff prays that this most honorable court will grant this motion in all aspects and afford the plaintiff the time requested to respond.

Pursuant to 28. U.S.C § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: 01/14/2002.                          Respectfully submitted

                                           _____
                                           SYDNEY BRADSHAW

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within document was served on Whit & Williams LLP At 1500, Lancaster Avenue, 194301 - 1500.  On 01/14/2002. by regular first class mail.

_____
SYDNEY BRADSHAW

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SYDNEY BRADSHAW,                    :
                                    :
        Plaintiff                   :
                                    :        CIVIL NO. 1:CV-01-0755
        vs.                         :
                                    :        (Judge Caldwell)
PATRICIA L. SAUERS, M.D.,           :
et al.,                             :
                                    :
        Defendants                  :

O R D E R

FILED
JAN 8 2002
PER_____
HARRISBURG, PA.        DEPUTY CLERK

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On December 11, 2001, pro se plaintiff Sydney Bradshaw was directed to file a brief in opposition to the defendants' October 29, 2001 motion to dismiss.  (Doc. 17).  Plaintiff was advised that his lawsuit was in peril of dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure if he failed to comply with this Order.  Bradshaw was given twenty (20) days to comply with this Order.

On December 21, 2001, Bradshaw requested a copy of the defendants' motion to dismiss and requested an enlargement of time to respond to the same claiming "to this date he has not had an opportunity to view defendants motion to dismiss."  (Doc. 19).  While it is noted that defendants' motion and supporting documents bear the appropriate certificate of service indicating Bradshaw was sent copies of all relevant documents, on January 2, 2002, the Clerk's office forwarded Bradshaw yet another copy of defendants'

motion, brief and supporting exhibits (docs. 16 and 18). Bradshaw

is now equipped with the requested documents necessary to respond

to defendants' potentially dispositive motion. Therefore, we will

dismiss this case for failure to prosecute and comply with a court

order under the authority of Rule 41(b) if plaintiff fails to

oppose the motion or otherwise communicate with the court within

ten (10) days of the date of this order.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

Plaintiff Bradshaw shall file within ten (10) days of the date

hereof a brief in opposition to defendants' motion to dismiss. If

plaintiff fails to file a brief in opposition, we will consider

dismissing plaintiff's complaint pursuant to Rule 41(b) for failure

to prosecute and comply with a court order.


_William W. Caldwell_
WILLIAM W. CALDWELL
United States District Judge


Date: January 8, 2002

-2-

Sydney Bradshaw
CTY-MONT
Montgomery County Correctional Facility
01-6410
60 Eagleville Road
Norristown, PA 19403


      Re: 1:01-cv-00755

      ------------------------------


      ------------------------------

Please file all pleadings directly with the Clerk's Office in which
the assigned Judge is located.  Do not file any courtesy copies
with the Judge's Chambers.

JUDICIAL OFFICERS:                    CLERK'S OFFICE ADDRESS:

Judge Sylvia H. Rambo                 U.S. District Court
Judge Yvette Kane                      228 Walnut Street
Judge William W. Caldwell             P.O. Box 983
Magistrate Judge J. Andrew Smyser     Harrisburg, PA  17108

--------------------------------------------------------------------

Chief Judge Thomas I. Vanaskie        U.S. District Court
Judge A. Richard Caputo               235 N. Washington Ave.
Judge James M. Munley                  P.O. Box 1148
Judge William J. Nealon               Scranton, PA  18501
Judge Richard P. Conaboy
Judge Edwin M. Kosik
Magistrate Judge Malachy E. Mannion
Magistrate Judge Thomas M. Blewitt

--------------------------------------------------------------------

Judge James F. McClure                U.S. District Court
Judge Malcolm Muir                    240 West Third Street
                                      Suite 218
                                      Williamsport, PA  17701

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SYDNEY BRADSHAW,          :
                          :
     Petitioner         :
                          :   CIVIL NO. 1:CV-01-0756
     vs.                :
                          :   (Judge Caldwell)
IMMIGRATION AND        :
NATURALIZATION SERVICE,  :
                          :
     Respondent        :

O R D E R

AND NOW, this _11th_ day of January, 2002, it is ordered that, Petitioner is granted ten (10) days from the date of this Order to file a supplemental response to Respondent's Response to Petitioner's Contention as to Applicability of Title 8 U.S.C. § 1432. Furthermore, the Clerk is directed to serve Petitioner with a copy of Respondent's Response to Petitioner's Contention as to Applicability of Title 8 U.S.C. § 1432 (doc. 16).

William W. Caldwell
United States District Judge

FILED

JAN 1 1 2002

PER
HARRISBURG, PA.       DEPUTY CLERK

1:CV-01-0756

Certificate of service

I hereby certify that a true and correct copy of the within document was served on, Attorney, Mark E. Morrison, Assistant U.S. Attorneys P.O. Box 11754, Harrisburg PA. 17108-1754, By regular First class mail.

Sydell Bradley

Section 321 (a) of the Act determines in part that

> A child born outside of the United States of alien parents ... becomes a citizen of the United States upon the fulfillment of the following conditions:
>
> (1) The naturalization of both parents; or
> (2) The naturalization of the surviving parent if one of the parents is deceased; or
> (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and
> (4) Such naturalization takes place while such child is under the age of eighteen years; and
> (5) Such child is residing in the United States pursuant to lawful admission for permanent residence at the time of the naturalization of the parent last naturalized ..., or thereafter begins to reside permanently in the United States while under the age of eighteen years...

As amended, section 1431 provides that a child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled:

> (1) At least one parent of the child is a citizen of the United States, whether by birth or naturalization.
>
> (2) The child is under the age of eighteen years.
>
> (3) The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence.

8 U.S.C. §1431.

The provisions of the Child Citizenship Act apply only to "individuals who satisfy the requirements of section 320 [§1431] or 322 [§1433] of the Immigration and Nationality Act, as in effect on [February 27, 2001]." Child Citizenship Act of 2000, §104.[2] Thus,