

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

******************************************
SYDNEY BRADSHAW,

      PLAINTIFF,

      PETITIONER,

Vs.

IMMIGRATION & NATURALIZATION
SERVICE, et, al.,
******************************************

DOCKET No. 1:01 -CV- 00755

AMENDED COMPLAINT & PETITION
FOR WRIT OF HABEAS CORPUS
and
Response to 01/11Th/2002
Court order

## PRELIMINARY STATEMENT

1.    This is to amend the original petition and complaint for a writ of habeas corpus challenging the constitutionality of § 321 (a) of the Immigration & Nattonality Act, 8 USC § 1432 (a) (3) or §§ 320, 321, of the Act, 8 U.S.C. §§ 1431 1432, passed by the 1952, congress confering derivative citizenship on a child born aboard into a marriage, by the naturalization of both parents or the parent having custody in a legal seperation or the naturalization of the surviving paren if one of the are deceased while the child is a minor under the age of eighteen years of age and residing in the United States as a permanent resident.

    Also challenged at this time, is the <u>NON-RETROACTIVITY</u> of the amended Secition 320, § 1431 or 322 § 1433, of the INA of February, 27, 2001. CHILD ACTOF 2000, § 104.

2    Section 321 (a) is prejudicial and discriminatory. It deprived sons and daugthers of derivative citizenshipsimply because their parents marriages stayed stable and intact at the time of naturalization of one of the parents while the said children were in custody of both their legal parents. Section 321 (a) as it is written, actually denies, punishes and deprives the children that are raised in a home of both parents. In the interim, it confers derivative citizenship to children, from broken homes or so called "ill egitimate children" who are in the custody of one naturalized parent while the child is under the age of eighteen years of age. Section 321 (a) is unoconstitutional and denies equal protection of the law to childre born into a marriage that is solid and last until death, and denies citizenship to another child simply because only one pare in the union

-riage union naturalized while the child was under the age of eighteen years old.

3. Plaintiff's mother, Frances V. Bradshaw, is a naturalized United States Citizen. Her son, sydney I. Bradshaw, the petitioner, is a L.P.R. He was under eighteen years of age at the time his mother Naturalized. He was convicted by plea, on 02/09/97, to a crime that renders him removable unless, he asserts it would be unconstitutional to deny him derivative citizenship, while granting derivative citizenship to children born out of wedlock to mothers who had naturalized - while at the same time the amended section 1431 as of February 27, 2001, "CHILD CITIZENSHIP ACT OF 2001" now grants derivative citizenship to children that are the same situation as the petitioner, except for their time of birth. Without a declaration by this court that § 321 (a) is unconstitutional and section 1431 amended is retroactive, petitioner will be removed from the United States soil, the place that has been his home for over 37 years.

4. Petitioner seeks and order of the court declaring § 321 (a) unconstitutional enjoining petitioner's removal, and ordering petitioner release from custody until congress deems the amended section 1431 to be retroactive to eliminate the hardship, prejudice and bias of the of the unconstitutionality of § 321 (a) as applied previously, literally the punishment and deprevation of children who's parents naturalized while the child was a minor, under eighteen years of age and in joint custody.

5. The Immigration Judge that presided in this case also the B.I.A. likewise has no power to declare § 321(a) unconstitutional. No other form of administrative relier is available.

## JURISDICTION AND VENUE

6. This action arises under the Fifth Amendment to The United States Constitution. This court has jurisdiction over petitioner's petition pursuant to Habeas Corpus ACT, 28 USC § 2241 & to Federal question 28 USC § 1331 and the madamus statute, 28 USC 1361. This court is empowered to fashio a remedy for constitutionally under inclusive nature of § 321 (a) ( ) by ¶ 406 of the 1952 INA (SEVERABILITY CLAUSE); by the mandamus statue, 28 USC § 1361; by the ALL WRITS ACT, 28, USC § 1651; and by the court's equitable power to redress constitutional violations.

7. Venue lies in the middle district of Pennsylvania, the Judical district where the petition was previously detained and the petition was originally filed, pursuant to 28 §§ 1391 & 2241.

## PARTIES

8. Petitioner, Sydney Ian Bradshaw, is a L.P.R. who was admitted to the United States in 1964, and is currently detained at M,.C.C.F.

9.  The Immigration and Naturalization Service, et. al., J. Scott Blackman District Director of Philadelphia, PA. 19130.

## STATUTORY FRAMEWORK

### STATUTORY BACKGROUND

10. The INA is replete with provisions that codify and embody bias, prejudicial, and contradictory stipulation pertaining to direvatation. The provisions challenged here, INA § 321 (a) 8 USC § 1432 as amended – to apply retroactively.

11. The mother is considred first and foremost in all societies the "natural gaurdian of her child, even in wedlock. And as such has and is considered the primary custodian of said child. The father in a marriage has equal custodial rights equal to that of the mother. However, should their be a seperation it is in most cases the mother that retain -s custody of the said child. A child that is in an intact marriage will stand to inheri equally the benefits of both mother and father's property as well as citizenships.

### INCORPORATION OF ARCHAIC DICHOTOMOUS BIAS PREJUDICE IN INA

12. The INA Establishes two or thre basic routes to become a United States Citizen by way of one's parent (s) Birth either in the United States or outside the United States to at least one U.S. citizen parent; (2) or birth outside the U.S. to alien parent who sub- sequently naturalized while the child is still under the age of eighteen and unmarried. This case concerns the second route t o citizenship.

13. The ACT of March 26, 1790, 1. Stat. 103; ch 3, provided for naturalization of alien -s adding that "the children of scuch persons so naturalized,dwelling within the United States being under the age of twenty – one years at the time of such naturalization shal also be considered as citizens of the United States.

14. The ACT of March 2, 1907, § §, 34 Stat. 1228, 1229, like wise gave derivative citize nship to children of alien parents, when the parent(s) naturalized and the was still a m -or and was residing permanently in the United States.

15. The ACT of May 24, 1934, § 2, 48 Stat. 797. Provided derivative citizenship to the children of alien parents when th echild resided for five years as a permanent resident and either parent naturalized while the child was a minor.

16. In 1940, congressenacted a fundemental change to the statutes governing derivatatio

(3)

17. This seemingly innocent (injudicious) change had a profound impact on children on a married couple. Wherein only one of the parent's naturalized while the child was under the age of eighteen and residing in the United States as a permanent resident. At times in the said marriage union, they may have come a time when the two parents may have had a seperati but not a legally documented seperation, and the said child was residinge with the parent t -t naturalized.

18. In 1952 the congress further abashed the equal protection clause, by granting citizen- ship to children of unwed mothers. While at the same time denying deriavative citizenship to a naturalizing mother's child when said parent was married to the father of the child.

19. The underscored language in § 321 (a) which is challenged here, codfies the replete re dundancies in congress's INA passages needing the naturalization of both parents in a marr iage to confer derivatation of United States citizenship to their minor offspring.

SEVERABILITY.

20. The INA included a severability clause that provided:
If any particular provision of this ACT, or the application thereof to any person or circum stance, is held invalid, the remainder of the ACT and the application of the provision to t ACT and the application of such provision to other persons or circumstances shall not be af -cted thereby. INA § 406, 66 Stat at 281 (see note following 8 USC § 1101).

FACTS

21. Petitioner's mother naturalized in 1969 while petitioner was a minor and still under t age of eighteen years of age, living under the dual custody of both his parents, and residi as a L.P.R. for over five years in the United States of America.

22. Petitioner's mother sponsored him in 1964 to come to the United States of America as a L.P.R.

23. Petitioner was convicted in 1998, in the state of Vermont when he was bamboozled into entering into a plea of nolo contendere to an aggravated assault, making him removable from U.S. soil his home for over 37 years.

24. Petitioner is in all respects eligible for derivative citizenship for the fact that or his mother naturalized while the petitioner was under the age of eighteen years old residin in the United States for five years as an L.P.R. and his parents were married without any l gal seperation. The petitioner is an honorably discharged veteran of the U.S.M.C. during t Vietnam conflict and posses the national defense medal. It's therefore inconciably a funde mentally un-American AND POLITICALLY incorrect to deny him derivative citizenship.

(4)

25.     In the 2000 INA, INA congress "rectified" the bias and DICHOTOMOUS of the 1952 INA by passing the CHILD ACT OF 2000. Amending section section 1431, (see enclosed), but did not rule one way or the other on its' retroactivity.  Simmilarly the congress that passed the e-manciplation of January 1, 1863 did not vote on the retoractivity of that ACT, which did not become totally effective until December 18, 1865, at that time it freed all slaves of every generation down to this day in the United States if America. Giving relief to all that would have fallen into bondage of days of old.  (The Magna Carta Also gave equal rights to the opp ress).

## CLAIM OF RELIEF
### FIRST CLAIM

26.     INA § 321 (a) violates the equal protection clause, because it confers derivative citizenship on a child born abroad out of wedlock whose mother naturalizes while the child is under the 18 years old, while it denies a child whose mother is married to the child's father derivation of citizenship when she naturalizes and her child is still a minor. A clear violation of the due process clause of the Fifth Amendment to the United States Constitution.

### SECOND CLAIM OF RELIEF

27.     By subjecting to removal a child born abroad that is in the custody of his married parents whose mother alone naturalized whild said was under the age of 18 years of age, the INA created a bias, prejudical and discriminating statute that is not substantially related to the achievement of any legimate governmental objective.  Accordingly, INA § 321(a) denies equal protectionof the law to legitimate children who seek to claim derivative citizenship by the naturalization of one of their parents within the state of Holy Matrimony.

### THIRD CLAIM OF RELIEF

28.     As amended § 320 § 1431 & 322 § 1433 INA, February 27, 2001, CHILD CITZENSHIP ACT of 2000 § 104 must be retoractive to satisfy the EQUAL PROTECTION ACT and the Fifth Amendment o the United States Constitution.

### PRAYER FOR RELIEF

Wherefore, Petitioner pray that this most Honorable Court shall:

A.      Issue a declatory proclamation and judical ruling that INA § 321 (a) denies equal protection of the law to the petitioner, son of Veronica Bradshaw, a United States Citizen his right to derivative citizenship, through her naturalization while her son was a minor, and in the dual custody of both his legal parents.

(5)

B.      Issue a declatory judgement declaring that subjecting to removal children born abroad into a marriage whose mother or father singularly naturalizes before said child is 18 years of age. The INA creats a bias and prjudical distinction that is neither rational nor substantially related to the achievement of any legitimate Government objective, and is a violation of the equal protection component of the due process clause of the Fifth Amendment of the United States Constitution.

C.      Issue a declaratory judgement construing th eINA severability clause, INA § 406, 66 Stat at 28, as mandating that the petitioner (Sydney Bradshaw) be treated as a derivative citizen of the United States.;

D.      Issue and order, pursuant to 28 USC § § 1361, 1651 and the court's quitable power to redress constitutional violations, directing the defendants to treat the petitioner (SB) as a derivative citizen of the United States.;

E.      Grant q writ of haves corpus directing the defendants/respondents to release the petitioner from custody, and staying his deportation, unless and until the unconstitutional bias distinction in § 321 (a) is eliminated, or the child Act of 2000 is made to be applicable retroactivly to satisfy the equal protection clause and the Fifths Amendment of the constitution of the United States of America - Similar to the emancipation proclamation Act of 1863.

F.      Issue an order staying the deportation of the petitoner pending review by this court

G.      Grant such other and further relief as this court may deem just and proper.(See, Kyle Henry v. INS 1999-2001).

Dated: Janurary 10, 2002.

Faithfully Submitted

*Sydney F Bradshaw*
SYDNEY/BRADSHAW
M.C.C.F.
60 Eagleville Road
Norristown, PA. 19403