JUDGE'S COPY  Copy 25

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SYDNEY BRADSHAW :
    PLAINTIFF :
V. :   DOCKET No. 1:CV-01-0755
PATRICIA L. SAUERS, :   Judge Caldwell
et. al. , :
    DEFENDANT :

FILED
HARRISBURG PA
FEB 13 2002
MARY E. D'ANDREA, CLERK
Per _____

## PLAINTIFF"S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Now comes the plaintiff and avers the following reasons the court must not dismiss this case:

1. On a motion to dismiss the court must accept th e petitioner's factual allegations as true and draw a;; reasonable inferences in his favor, See Hamilton Chapter of ALPHA DELTA PHI, Inc V Hamilton college, 128 F. 3d. 59 (2nd Cir. 1997).

2. The court liberally construes the allegations of the pleadings when considering a motion to dismiss the claim of a Prose litigant. See, Flacherty V. Lang, 199 F. 3d. 607, 612. (2nd Cir 1999).

3. Plaintiff is at a lost as to where the defendant in her affidavit got her information when she speaks of the plaintiff having a gunshot or gunshots wounds to his body, attempt of suicide by "jumping", at #7. of the good doctors affidavit, for it is simply not true.

4. Prior to plaintiff's detention by the Immigration & Naturalization Services, on 06/12 98, the plaintiff was on S.S.I disabilty, having been diagnosised one hundred percent dis abled, and was on prescribed medication for his several ailments by his family doctors.

    "A SERIOUS MEDICAL NEED IS ONE THAT HAS BEEN DIAGNOSED BY A PHYSICIAN(s) AS MANDATING TREATMENT, OR ONE THAT IS SO OBVIOUS THAT EVEN A LAY PERSON WOULD EASILY RECOG -NIZE THE NECESSITY FOR A DOCTOR'S ATTENTION. MAY BE CONSTITUTIONALLY MANDATED UPON A PRI SONER'S ELECTION. See, LAAMAN V. HELGEMOE, 347. F. Supp. 269, 311(D. NH. 1977); See, ALS JOHNSON V. BUSBY, 953 F. 2d 349, 351. (8TH CIR. 1991); WEST V. KEVE, 571 F. 2d. 158, 162 (3d Cir. 1978) TO BE SERIOUS THE CONDITION MAY NOT NEED TO BE LIFE THREATENING, See, CANELL V. BRADSHAW, 840 F.Supp. 1382 (D. Ore. 1993).

5. PLAINTIFF STATES TH AT THE DEFENDANTS ACTIONS WERE OF A DELIBERATE AND INDEFFERENT TO HIS MEDICAL NEEDS FOR THE HAD HIS MEDICAL RECORD FROM ALL HIS PREVIOUS, INCLUDING HIS FAM ILY DOCTORS, AND KNEW ABOUT ALL HIS MEDICAL AILMENT AND THE PREVIOUSLY PRESCRIBED MEDICAT IONS TO ALLIVATE THE PLAINTIFF PAIN AND SUFFERING FROM ALL HIS DIAGNOSED MALADIES, BUT R FURSED TO TREAT THE PLAINTIFF PROPERLY ALLOWING THE PLAINTIFF TO SUFFER IN EXCRUCIATING P -IN, TWENTY FOUR HOURS A DAY, SEVEN DAYS A WEEK ETCETRA,ETC. See, FARMER V. BERNNAN, 114. Ct. 1970, (1994); THIS CASE CLARIFIES THE STANDARDS OF DELIBERATE INDIFFERENCE STANDARDS.

...estell, 429, u.s. AT 105, 97 S. Ct 291-292. JONES V. EVANS, 544, F. Supp. 769 (N.D. Ga. 1981). WRIGHT V. SMITH, 21. F.3d496. 501. (2nd Cir 1996); MOFFIT V. TOWN OF BROKFIELD, 950 F. 2d 880 (2nd Cir. (1991). AL-JUNDI,885F.2d. AT 1066, McMCANN V. CIUGHLIN, 698 F. 2d. 112, 125 (2d. Cir. 1983); WRIGHT V. Mcmann, 460 f. 2D. 126, 134-35 (2nd. Cir. 1972).

6. THE DEFENDANT MAKES CLAIMS IN HER AFFIDAVIT AGANIST THE PLAINTIFF WHICH ARE NOT TRUE e.g #7, #19, #17, #9, #10, #15, #26, #47,#48, ALL ARE TOTAL FABRICATIONS OF THE FACTS.

7. PLAINTIFF ME WITH DEPUTY WARDEN THOMAS APPROXIMATELY TWICE, WITHOUT ANY SUCCESS, THE AFFIDAVIT THAT THE DEPUTY WARDEN SUMITTED IS NOT CORRECT OR ACCURATE ACCOUNT OF WHAT TOOK PLACE AS FAR AS PLAINTIFF NOT EXHAUSTING HIS ADMINSTRATIVE REMEDIES IN THIS CASE. WILLIS V. U.S., 719 F. 2d.n 608 (2nd Cir. 1993), IN CONNECTION WITH MEDICAL CARE COMPLAINTS.

## CONCLUSINON

Because of the poor and inadequate medical treatment that was afforded to plaintiff, plain- tiff was inconstant excruciating pain, which necessiated plaintiff to spend a considerable time in his bed. As a result plaintiff gained over 100 pounds (The doctor also forbid the plaintiff not to go to gym). which at plaintiff's age could cause a heart attack. It is only at this present time that plaintiff is receiving proper medical care for his several ailments and maladies, and is permitted to do the proper excercises to try and lose the 100 plus pounds he has gained. Bivens, 403 U.S. AT 388, BARBERA V. SMIT, 654, F. Supp. 386. 390 (S.D.N.Y. 1987).

WHEREFORE, BASED UPON ALL THE FOREGOING, PLAINTIFF PRAYS THAT THIS MOST HONORABLE COURT DENY THE DEFENDANT'S REQUEST TO DISMISS THIS TORT, AND ALLOW THE CASE TO PROCEED TO TRIAL, INORDER THAT JUSTICE BE DONE IN THIS MATTER.

PURSUANT TO 28. U.S.C. §1746, I DECLARE UNDER PENALTY OF PERJURY THAT ALL OF THE FOREGOINGI TRUE AND CORRECT.

DATE:XXXXXXXXXX 02-08-2002.

Respectfully submitted

SYDNEY BRADSHAW
M.C.C.F.
60 EAGLEVILLE ROAD
NORRISTOWN, PA.19403

# THE COUNTY COMMISSIONERS OF YORK COUNTY

BOARD OF COMMISSIONERS
CHRISTOPHER B. REILLY, PRESIDENT
JAMES F. DONAHUE
SHIRLEY L. GLASS

SOLICITORS
DAVID S. CRAUN
DONALD L. REIHART

ADMINISTRATOR-CHIEF CLERK
CHARLES R. NOLL

COUNTY ADMINISTRATIVE OFFICES
One West Marketway, 4th Floor
York, Pennsylvania 17401
(717) 771-9614
FAX (717) 771-9804

January 10, 2001

Sydney Bradshaw
NND-13
York County Prison
3400 Concord Rd.
York, PA 17402

RE: Solicitor's Review – Sndney Bradshaw
Complaint Register No. 121300B-0101

Dear Mr. Bradshaw:

The following constitutes a response to the appeal that you filed from the determination made by Deputy Warden Bowen on January 2, 2001

## PROCEDURAL AND FACTUAL BACKGROUND

An appeal has been filed under the Complaint Review System established at the York County Prison by inmate Sydney Bradshaw. The date of the appeal is January 2, 2001.

In the appeal requesting a Solicitor's review, the inmate states:

> "First, I Want To Let You Know That This Jail is Run Much Better Than The Last Two I have Been in. I have been in I.N.S. custody (06/14/98) or even before I got Rail Road into I.N.S. Arms, However I was under Doctor care For my many maladies. I have severe Back Pain and I don't want to Rock the Boat But I need some Relief From this pain so please work with me in this matter.

3 copies

Sydney Bradshaw
January 10, 2001
Page 2

> When policy conflicts with the U.S. Constitution and the proper medical care that an inmate is required to have By Law, we need to file an appropriate solution. Therefore, it is imperative that we get together with Doctor Sauers and the Health care provider."

A review of the documents accompanying the appeal indicate that the inmate initiated a complaint on December 10, 2000 that dealt with a complaint that his "legal mail was not being mailed out in time". The file does not indicate what kind of legal problems are confronting this inmate but apparently it deals with status as an I.N.S. prisoner.

Deputy Warden Thomas suggested that the inmate contact the Pennsylvania Immigration Resource Center to assist him with his legal needs.

## DISCUSSION AND DETERMINATION

Based upon the actual ground for appeal set forth in the inmate's (806) form, it appears that he has a medical complaint and that he has abandoned the allegation that he had been denied access to the Courts because he was not given the sufficient postage to assist in his pending law suits.

The inmate has failed to make out a violation of his Constitution Rights with reference to his medical complaints. Because he has abandoned his other complaints, there is nothing to refer to the Complaint Review Board. The Pennsylvania Immigration Resource Center is located at 425 West Market Street, York, PA 17404. The telephone number is: (717) 846-1956.

The access to Court complaint is deemed abandoned.

The complaint concerning medical care is denied.

Sincerely,

*[signature]*

Donald L. Reihart
Assistant County Solicitor

DLR/nlb

CITATIONS IN SUPPORT OF PLAINTIFF'S
COMPLAINT AGANIST THE DEFENDANTS.

Now Comes Sydney Bradshaw, Pro-Se; and hereby cites the following in support of his complaint.

Toussaint v Rushen, 553 F Supp 1365 (ND cal 1983), in part, 722 F2d 1490 (9th Cir 1984) that medical assistants can access to doctor is part of violation); Fambro v Fulton county, 713, F Supp 1462, 1429 (ND GA 1989) delays-up to 20 days for examination is part of violoation); U.S. Department of Fed Standards for prison and jails § 545 (1980); ABA, Standard for criminal justice § 23.5-3 (1986) standard 3 - 4348 (1990); National common correctional Health care, Standard for health services in jail J-33 (1987) Tillery v Owens, 719 F Supp 1256, 1306-07 (WDPa 189) ESTELLE v GAMBLE, 429 U.S, 97, 104 (1976); Hoptowit v Ray, 682 F2d 1237, 1252 (9thCir 1982) Feliciano v Barcelo, 497 F Supp. 14 38 DPr 1979 (must receive "medications prescriptions and diets as they have been perscribed). White v Napoleon, 897 F2d 103, 111 (3d Cir 1990). Prison doctors disregard orders from outside doctors without explanatopm), Feliciano v Barce;p 497 F Supp 14, 32 (DPr1979) must receove "medication prescriptions and diets, as they have been prescribed medication "For the purpose of causing him unnecessary pain" State cause of Action) See also U.S Dept of justice, federal standards for prisons and jails §§ 5.34, 5.46 (1980) ESELLE vGAMBLE, 429 U.S. 97, 104 - 05 (1976). Waldrop v Evans, 681 F Supp 840 854 (MD Ga 1988) doctor); Pace v Solem, 858 F2d 385, 388 (8th Cir 1988. Mental health Ramos v Lamm, 699 F2d 559, 574 (10thCir 1980); Hoptowit v Ray, 682, F2d 1237 1253 (9th Cir 1982);

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE WITHIN DOCUMENTS (MOTION) WAS SERVED ON THE OPPOSING COUNSELS IN THE CASE, WHITE AND WILLIAMS LLP, AT THEIR PLACE OF BUSINESS, 1500 LANCASTER AVENUE, PAOLI, PA. 19301-1500. ON THE 02-09-2002. BY REGULAR FIRST CLASS MAIL.

SYDNEY BRADSHAW

2 copies



# State Board of Osteopathic Medicine
# Department of State

Consumer Information    Licensure Information
Law    Rules & Regulations
Special Notices    Board Newsletter

**Mission Statement:**
The State Board of Osteopathic Medicine regulates the licensure and re[g]
doctors of osteopathic medicine and surgery; the certification of physic[i]
and respiratory care practitioners; and the registration of acupuncturists.

Citation: Osteopathic Medical Practice Act, 63 P.S. §§ 271.1 - 271.18.

Regulations of the State Board of Osteopathic Medicine, 49 PA. CODE 25.607.

\*\*\* All downloadable forms on the Department of State website are available in
only and are best viewed with Adobe Acrobat Reader Version 4.0. If you would
and/or print these forms and you do not have a copy of Adobe Acrobat Reader Versi[on]
or as an add-on to your browser, Adobe provides the viewer at no cost. This viewer p
capability to view and print the document.

If you require special accommodation in downloading or viewing a form, please ema[il]
Webmaster at bpoa@pados.dos.state.pa.us.

- Department
- Professional Licensure
- Corporations
- Commissions, Elections, & Legislation
- Charities
- State Athletic Commission
- Newsroom
- Meetings & Events
- Links to Other Sites


Pennsylvania Home Site

State Board of Osteopathic Medicine
P.O. Box 2649, Harrisburg, PA 17105-2649
Phone - (717) 783-4858
Fax - (717) 787-7769
osteopat@pados.dos.state.pa.us

DOS Home | DOS Phone Directory | Site Map | Contact DOS |
Events | Directions to DOS | Search DOS Site